**Nicholas ESTEVEZ, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civil Action No. 07–40043–NMG.**

United States District Court, D. Massachusetts.

Oct. 23, 2009.

David H. Hennessy, U.S. Attorney's Office, Worcester, MA, for Respondent.

## MEMORANDUM & ORDER

GORTON, District Judge.

Before the Court is the motion of Petitioner Nicholas Estevez ("Estevez") for a certificate of appealability ("COA"). Estevez seeks to appeal this Court's Order dismissing his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

### I. *Background*

In 2002, Estevez was convicted of one count of conspiracy to distribute cocaine base and two counts of possession of cocaine base with intent to distribute and distribution of cocaine base. Over Estevez's objections, this Court sentenced him as a career offender based on a previous escape from state custody and prior state convictions. He was sentenced to 262 months in prison.

Estevez then appealed and the First Circuit affirmed his sentence on May 6, 2004. In light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), however, the Supreme Court vacated the judgment and remanded the case to the First Circuit. On remand, the appeals court again affirmed the sentence upon finding no reasonable probability that the district court would have imposed a lower sentence if it had treated the guidelines as advisory.

On February 26, 2007, Estevez filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2255. On February 26, 2009, 601 F.Supp.2d 348 (D.Mass.2009), this Court denied Estevez's motion without an evidentiary hearing and dismissed his petition. It found that "most (if not all) of his claims appear[ed] to assert that his Sixth Amendment rights were violated because his trial counsel and appellate counsel provided ineffective assistance". Considering each alleged error in turn, the Court held that none rose to the level of constitutional infirmity.

Estevez subsequently attempted to appeal that Order. The First Circuit, however, refused to hear an appeal until Estevez obtained a COA pursuant to 28 U.S.C. § 2253. In an attempt to comply, Estevez filed the present motion on April 27, 2009.

### II. *Legal Analysis*

#### A. Legal Standard

A habeas petitioner may not appeal the final order of a district court unless the district court issues a COA. 28 U.S.C. § 2253(c)(1). Further, "[i]f the district court denies a certificate of appealability, it must state the reasons why the certificate should not issue." 1st Cir. L.R. 22.1(a).

"A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the petitioner must prove

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

*Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (internal quotation marks and citation omitted). Where a court has rejected a

constitutional habeas claim on the merits, the petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

### B. Application

■ Estevez has failed to meet his burden for the issuance of a COA. His motion rests solely on the statement that "jurists of reason could find his issues debatable, or ... jurists could find that this Court's resolution of the issues deserves encouragement to proceed further" (citing *Miller-El,* 537 U.S. at 327, 123 S.Ct. 1029 and *Slack,* 529 U.S. at 484, 120 S.Ct. 1595). Estevez offers no factual or legal arguments to support this conclusory assertion. Simply repeating the nature of his burden is not the equivalent of meeting it and does not represent a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, Estevez's motion will be denied.

### ORDER

In accordance with the foregoing, petitioner's motion for a certificate of appealability (Docket No. 20) is **DENIED.**

**So ordered.**